**SO ORDERED.**

**SIGNED this 26 day of April, 2018.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 13 |
| RICHARD WAYNE BRYAN, ) | |
| ) | Case No.: 17-40178-JTL |
| _____Debtor_____ ) | |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION ("FANNIE MAE"), BY ) | |
| SERTUS, INC. AS THE AUTHORIZED ) | |
| SERVICER, ) | |
| Movant ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD WAYNE BRYAN, Debtor ) | |
| Kristin Hurst, Trustee ) | |
| ) | |
| _____Respondents_____ ) | |

**ORDER ON MOTION FOR RELIEF FROM STAY**

SUBJECT PROPERTY: 5708 Ventura Drive, Columbus, Georgia 31909

      The above matter is before the Court pursuant to the creditor's Motion for Relief from the Automatic Stay. Debtor filed a Plan Modification to place under his Chapter 13 Plan post-Petition arrears accruing through March 31, 2018 and to resume regular post-Petition mortgage payments to Movant, beginning with the April 2018 post-Petition mortgage payment.  As of March 31, 2018, Debtor was delinquent post-Petition for the November, 2017 and subsequent post-Petition

mortgage payments in the amount of $680.34 each. Movant was holding in suspense $281.53. The net post-Petition arrears through March 31, 2018 total $3,120.17. Creditor filed a timely objection to Debtor's Motion to modify his Plan, which objection Creditor will be withdrawing. Debtor having made an offer of adequate protection which the Court finds to be reasonable under the circumstances, it is

ORDERED that the Creditor's Motion for Relief from the Automatic Stay is conditionally denied.

FURTHER ORDERED that Debtor shall hereafter strictly comply with Debtor's post-Petition payment obligations to Movant. If Debtor defaults in any of the payments to Movant, its successors and assigns, either as to arrearages or future mortgage payments, Movant or Movant's counsel may file its affidavit of default and shall serve a copy of same on the Debtor, Debtor's counsel and the Chapter 13 Trustee. If Debtor fails to cure such default within fifteen (15) days from the filing of the affidavit of default, then the Court may enter an order vacating the automatic stay as to Movant, its successors and assigns, without the necessity of any further notice or hearing.

FURTHER ORDERED upon default under this Order, Movant may also seek a finding that upon entry of an order granting relief from the automatic stay that its claim is no longer treated pursuant to § 1322(b)(5) such that Fed. R. Bankr. P. 3002.1 shall no longer apply.

FURTHER ORDERED that Movant's attorneys are hereby awarded the sum of $681.00 for attorney's fees and expenses in prosecuting this motion, the same to be paid as part of Creditor's secured claim through the Debtor's Chapter 13 Plan. The Trustee is authorized to disburse the attorney's fees and expenses directly to Movant. The Chapter 13 Trustee shall pay the fees and costs pursuant to this Order, and it shall not be necessary for Movant to file an amended proof of claim for the fees and costs.

**END OF DOCUMENT**

ORDER PREPARED AND
SUBMITTED BY:
/s/ Ernest Kirk, II
Ernest Kirk, II
State Bar No. 423500
Denney, Pease, Kirk & Morgan
P. O. Box 2648
Columbus, Georgia 31902-2648
(706) 324-3711
EKirk@dpaklaw.com